IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Todd Mogler,<br><br>                Movant,<br>v.<br><br>United States of America,<br><br>                Respondent. | No.  CV-20-00173-PHX-SPL (DMF)<br>No.  CR-15-01118-PHX-SPL<br><br><br><br>**ORDER** |

At issue is the Report and Recommendation (Doc. 62) ("R&R") entered in matter 20-CV-00173 by Magistrate Judge Deborah M. Fine.  Magistrate Judge Fine has recommended that the Motion of Mr. Mogler be denied and dismissed with prejudice in both matters 20-CV-00173 and 15-CR-01118.

The Court has before it, Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Docs. 1, 16 and 16-1 (with all attachments)), Response to Movant's Motion from the Respondents (Docs. 46 and 47 (with all attachments)) and the Movant's Reply.  (Docs. 61 and 61-1) Additionally, the Court is in receipt of the Report and Recommendation of the Magistrate Judge (Doc. 62) and Movant's Objections. (Doc. 68) The Court has considered Movant's Request for Evidentiary Hearing and/or an Oral Argument.  (Doc. 69)

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R

that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b) (1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy). Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

The Court has carefully undertaken an extensive review of the sufficiently developed record. The Movant's objections to the findings and recommendations have been thoroughly considered.

After conducting a *de novo* review of the issues and objections, the Court reaches the same conclusions reached by Judge Fine. This Court finds Judge Fine has correctly concluded that trial counsel was not ineffective in the representation of the Movant. Furthermore, the Court also finds that based on his knowing and voluntary guilty plea, he waived the grounds Movant articulated in his Amended Motion. The Movant's Request for an Evidentiary Hearing and/or an Oral Argument (Doc. 69), will be denied. Based on the claims, the Movant has failed to establish that he is entitled to an evidentiary hearing. The issues raised again by Movant do not warrant reconsideration. All the issues have already been addressed by the Ninth Circuit or are without merit.

The R&R will be adopted in full. Accordingly,

**IT IS ORDERED:**

1. That the Magistrate Judge's Report and Recommendation (Doc. 62) is **accepted** and **adopted** by the Court;

2. That the Movant's Objections (Doc. 68) are **overruled**;

3. That the Movant's Request for an Evidentiary Hearing and/or an Oral

Argument (Doc. 69) is **denied**;

4. That the Motion to Vacate, Set Aside, or Correct the Sentence pursuant to 28 U.S.C. § 2255 (Docs. 1, 16 and 16-1) 20-CV-00173 and related matter 15-CR-01118 are **denied** and **dismissed with prejudice**;

5. That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** finding that Mr. Mogler has not made a substantial showing of the denial of a Constitutional right; and

6. That the Clerk of Court shall enter judgment and **terminate** this action.

Dated this 8th day of December 2021.

Honorable Steven P. Logan
United States District Judge

cc: Movant and Respondent